# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ALICIA MARIA DENNIS** | * |
| Appellant | * |
| v. | * Case No.: RWT 10cv3147 |
| | * Bankr. Case No. WL 09-33957 (Chapter 7) |
| | * Adversary Proceeding No. 10-00303 |
| **BANK UNITED, et al.,** | * |
| Appellees | * |

| | |
|---|---|
| **ALICIA MARIA DENNIS** | * |
| Appellant | * |
| v. | * Case No.: RWT 10cv3151 |
| | * Bankr. Case No. WL 09-33957 (Chapter 7) |
| | * Adversary Proceeding No. 10-00304 |
| **U.S. BANK, N.A., et al.,** | * |
| Appellees | * |

| | |
|---|---|
| **ALICIA MARIA DENNIS** | * |
| Appellant | * |
| v. | * Case No.: RWT 10cv3152 |
| | * Bankr. Case No. WL 09-33957 (Chapter 7) |
| | * Adversary Proceeding No. 10-00305 |
| **BANK OF AMERICA, N.A., et al.,** | * |
| Appellees | * |

# MEMORANDUM OPINION

Alicia Maria Dennis ("Appellant"), acting *pro se*, seeks review of the Bankruptcy Court's orders dismissing her complaints in related Adversary Proceeding Nos. 10-00303, 10-00304, and 10-00305. Because Appellant lacks standing, and alternatively, the Bankruptcy Court did not abuse its discretion in abstaining, the Orders of the Bankruptcy Court will be affirmed.

# BACKGROUND

On December 8, 2009, Appellant, acting *pro se*, filed a Chapter 13 petition. On February 2, 2010, Appellant's case was converted to one under Chapter 7, upon Appellant's request. *In re Alicia Maria Dennis*, Bankr. Case No. WL 09-33957 (Chapter 7).

On March 11, 2010, the Chapter 7 Trustee reported that there was no property available for distribution from Appellant's bankruptcy estate. On June 9, 2010, Appellant received her Chapter 7 discharge. BK-Docket No. 79. On May 7, 2010, prior to receiving her discharge, Appellant filed the three adversary proceedings from which the present appeals are taken.

Appellant initiated Adversary Proceeding No. 10-00303 against Defendants Bank of America, N.A., BAC Home Loan Servicing, LP (the "Bank of America Defendants"), and Bank United, concerning her personal residence located at 2800 Moore's Plains Boulevard in Upper Marlboro. *See* BK-Docket No. 71. In the original Schedule D filed by Appellant in connection with her personal residence, she acknowledged that the Bank of America Defendants and Bank United each held a secured claim in the property. These claims were not listed as contingent, unliquidated, or disputed on Appellant's original Schedule D.

Appellant initiated Adversary Proceeding No. 10-00304 against Defendants JPMorgan Chase Bank, N.A.; U.S. Bank, N.A. as Trustee for WAMU Mortgage Pass Through Certificate for WMALT Series 2007-OA3 concerning her rental property located at 3515 Texas Ave, SE,

Washington, DC 20020. *See* BK-Docket No. 70. In the original Schedule D filed by Appellant concerning her DC rental property, she acknowledged that Appellee JPMorgan Chase Bank, N.A. held a secured claim in the property. Appellant did not list U.S. Bank, N.A. as a creditor on her Schedule D. Nowhere in her relevant mandatory sworn disclosures in the Bankruptcy Case did Appellant disclose the existence of the cause of action that gave rise to the Adversary Proceeding.

Appellant initiated Adversary Proceeding No. 10-00305 against Defendant Bank of America, N.A. concerning her rental property at 6935 Forest Terrace, Landover, MD 20785. *See* BK-Docket No. 69. In the original Schedule D filed by Appellant concerning her Landover rental property, she acknowledged that Bank of America, N.A. had two claims secured by the Property. Bank of America's claim was not listed as contingent, unliquidated, or disputed on Appellant's original Schedule D.

Although "very difficult to decipher," the complaints filed in the three adversary proceedings are virtually identical, differing only in the property and Defendants/Appellees involved. Each of Appellant's complaints appears to make the same allegations concerning the different mortgage loans Appellant obtained in connection with the three properties. In short, Appellant claims that the various Defendants/Appellees violated numerous federal statutes when they made mortgage loans to her.

On July 14, 2010, the Bankruptcy Court held a hearing to consider the complaints and related filings in the three adversary proceedings. At the conclusion of the hearing, the Bankruptcy Court dismissed each adversary proceeding on the basis that Appellant lacked standing because any purported cause of action that she was attempting to assert belonged to the bankruptcy estate and could only be brought by the Chapter 7 Trustee. Case No. RWT 10-cv-

3147, ECF No. 1-30; Case No. RWT 10-cv-3151, ECF No. 1-30; Case No. RWT 10-cv-3152, ECF No. 1-30. Alternatively, the Bankruptcy Court determined that it was in the interests of comity and justice to abstain from deciding Adversary Proceeding Nos. 10-00303 and 10-00304 because Appellant received her discharge and her purported claims are unrelated to her bankruptcy case. Case No. RWT 10-cv-3147, ECF No. 1-30; Case No. RWT 10-cv-3151, ECF No. 1-30. The Bankruptcy Court also denied Appellant's Motions for Default Judgment filed in Adversary Proceeding Nos. 10-00304 and 10-00305. Appellant challenges each of these rulings.

## STANDARD OF REVIEW

When reviewing a bankruptcy court's final order, the district court acts as an appellate court. Accordingly, legal conclusions are reviewed *de novo*, and findings of fact may be set aside only if clearly erroneous. *See In re Banks*, 299 F.3d 296, 300 (4th Cir. 2002). The Bankruptcy Court's dismissal based on standing is reviewed *de novo*. *See e.g., Deutchman v. Internal Revenue Service* (*In re Deutchman*), 192 F.3d 457, 459 (4th Cir. 1999). The Bankruptcy Court's decisions to abstain from asserting jurisdiction under 28 U.S.C. § 1334 or to grant a motion seeking a default judgment are discretionary, and are therefore reviewed under an abuse of discretion standard. *See In re: Eastport Assoc.*, 935 F.2d 1071, 1075 (9th Cir. 1991) (A decision relating to abstention "under § 1334(c)(1) is reviewed for an abuse of discretion."); *In re: Hamlett*, 322 F.3d 342, 345 (4th Cir. 2003) (reviewing Bankruptcy Court's order vacating default judgment for abuse of discretion).

**DISCUSSION**

On appeal, Appellant claims that the Bankruptcy erred in (1) determining that she lacked standing to pursue the adversary proceedings, (2) in the alternative, abstaining from deciding Adversary Proceeding Nos. 10-00303 and 10-00304, and (3) denying her motions for default judgment in Adversary Proceeding Nos. 10-00304 and 10-00305. Below, each issue is discussed in turn.

**A. STANDING**

"If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." *Miller v. Pacific Shore Funding*, 287 B.R. 47, 50 (D. Md. 2002), aff'd 92 Fed. Appx. 933 (4th Cir. 2004) (quoting *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.,* 187 F.3d 439, 441 (4th Cir. 1999)).

> [A]ny unliquidated lawsuits initiated by a debtor prepetition (or that could have been initiated by the debtor prepetition) become part of the bankruptcy estate subject to the sole direction and control of the trustee, unless exempted or abandoned or otherwise revested in the debtor.

*Bailey v. Household Finance Corp. III (In re: Bailey)*, 306 B.R. 391, 392-93 (Bankr. D.D.C. 2004); 11 U.S.C. § 541(a)(1) (bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case"). "Because '[t]he bankruptcy trustee is the legal representative of the bankruptcy estate,' the debtor may not pursue a cause of action which is the property of the bankruptcy estate unless the trustee abandons the claim or participates in the cause of action." *Steger G. General Elec. Col,* 318 F.3d 1066, 1080 (11th Cir. 2003) (quoting *In re Alvarez*, 224 F.3d 1273, 1279-80 (11th Cir. 2000)). "Property of the estate includes *all* of the debtors' interests in any cause of action that has accrued pre-petition." *Miller*, 287 B.R. at 49-50. "Under Maryland law, a cause of action accrues when: (1) the legally operative facts permitting the filing of a claim come into existence; and (2) the claimants have

notice of the nature and cause of their injury." *Id.* at 50.

In this case, Appellant seeks relief based on Defendants/Appellees' purported violations of various federal statutes in connection with her mortgage loans. *See, e.g.,* Compl. at 3-5, 11-14, A.P. No. 10-00303. Although Appellant's claims are far from a model of clarity, she confirmed at the July 14, 2010 hearing that her claims stem from prepetition loans secured by the properties. *See* Case No. RWT 10-cv-3147, ECF No. 1-30, at 5; Case No. RWT 10-cv-3151, ECF No. 1-30, at 4-5; Case No. RWT 10-cv-3152, ECF No. 1-30, at 4. Thus, any such claims became property of her bankruptcy estate when Appellant filed her bankruptcy petition. Accordingly, under the holding of *Miller*, Appellant lacks standing to pursue these appeals.

Appellant argues in her briefs that she filed the Adversary Complaints "to determine the dischargeability of the underlying mortgage debt." *E.g.*, Appellant's Br. at 20, Case No. RWT 10-cv-3147. However, even a cursory review of Appellant's complaints in the adversary proceedings reveals that she does not seek such relief. Indeed, there would be no reason for Appellant to seek such relief because she has already received a full discharge of all her debts. BK-Docket No. 79.

Rather, as discussed above, Appellant seeks to challenge the validity of Defendant/Appellees' liens on the properties and to obtain substantial compensatory and punitive damages against them. Because any such causes of action accrued pre-petition, and the Chapter 7 Trustee has neither abandoned nor joined in her claims,[1] Appellant lacks standing to pursue both the underlying adversary proceedings and the present appeals. *See In re. Bailey* 305 B.R. at 392.

---

[1] The Debtor failed to list any cause of action against the Defendant/Appellees as an asset on her bankruptcy schedules. As a result, the Trustee never had notice of the existence of the alleged causes of action in order to pursue or abandon the claims.

## B. PERMISSIVE ABSTENTION

Alternatively, the Bankruptcy Court found that the facts and circumstances of Adversary Proceeding Nos. 10-00303 and 10-00304 permitted it to abstain from considering the merits of the matter pursuant to 28 U.S.C. § 1334(c)(1).[2] Section 1334(c)(1) provides, in relevant part: "… nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11."

Courts consider numerous potentially relevant factors in deciding whether to abstain under § 1334(c)(1), including:

> (1) efficiency in the administration of the debtor's estate;
> (2) the extent to which state issues predominate over bankruptcy issues;
> (3) whether the issues involve difficult or unsettled questions of state law that would be better addressed by a state court;
> (4) the presence of a related proceeding commenced in state court;
> (5) the existence of a jurisdictional basis other than Section 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than form of an asserted "core" proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court;
> (9) the burden of the federal court's docket;
> (10) the likelihood that the commencement of the proceeding in federal court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial; and
> (12) whether non-debtor parties are involved in the proceeding.

*MacLeod v. Dalkon Shield Claimants Trust,* 967 F.Supp. 856, 858 (D.Md. 1997) (citing *In re Eastport Assos.,* 935 F.2d 1071, 1075,-76 (9th Cir. 1991)). As applied here, the *Eastport* factors weigh in favor of abstention, and the Bankruptcy Court did not abuse its discretion by so holding.

---

[2] The Bankruptcy Court did not include abstention as an alternate ground in its September 30, 2010 Memorandum Opinion in Adversary Proceeding No. 10-00305.

First, Appellant has received her discharge and the bankruptcy estate has been fully administered by the Trustee. Thus, but for her adversary proceedings, Appellant's Chapter 7 case is essentially closed. Second, the claims contained in Appellant's Complaint are not even related to bankruptcy law. Rather, to the extent Appellant has any legitimate claims against Defendants/Appellees, the issues relate to looming foreclosures and are therefore best addressed in state court foreclosure proceedings. Accordingly, even if Appellant had standing to pursue Adversary Proceedings 10-00303 and 10-00304, the Bankruptcy Court did not abuse its discretion in determining that it was not the proper forum for such litigation.

### C. DEFAULT JUDGMENT

Appellant also appeals the Bankruptcy Court's denial of her motions for default judgment against U.S. Bank, N.A. in Adversary Proceeding No. 10-00304 and against Bank of America, N.A., in Adversary Proceeding No. 10-00305. The Bankruptcy Court has "wide discretion in deciding whether or not to enter a default judgment under Fed. R. Civ. P. 55, and the Rule itself authorizes the bankruptcy court to conduct such hearings 'as it deems necessary and proper." *In re Beltran*, 182 B.R. 820, 823 (9th Cir. 1995). The Fourth Circuit has repeatedly expressed a "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). The following factors should be used to evaluate motions relating to defaults: "whether the [defaulting] party had a meritorious defense, whether the defaulting party acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [non-defaulting] party, whether there is a history of dilatory action, and the availability of sanctions less dramatic." *Id.*

Here, Appellant's Adversary Proceeding complaints were at best "very difficult to decipher" and seemingly lacking in merit. Moreover, Appellant lacked standing to pursue these claims for the reasons stated above. Thus, the defaulting parties clearly had meritorious defenses.

In addition, despite believing it had not been properly served with Adversary Proceeding 10-00304, U.S. Bank, N.A. filed its responsive pleading *before* the Appellant filed her motion for default judgment and incorporated by reference only those issues previously raised by its co-Defendant to that proceeding. Thus, even assuming U.S. Bank, N.A. was properly served, it appears to have acted with reasonable promptness and without prejudice accruing to Appellant.

Similarly, Bank of America, N.A. argues that it was not properly served with Adversary Proceeding 10-00305 and only first learned of the proceeding at the July 14 hearing on Adversary Proceeding 10-00303. Bank of America, N.A. points out that it filed a timely response to Adversary Proceeding 10-00303, which is virtually identical to 10-00305. Thus, even assuming Bank of America, N.A. was properly served adversary proceeding 10-00305, Appellant was on notice of the defenses found to be meritorious herein and the Court cannot discern any prejudice to Appellant resulting from its alleged default. Further, Appellant has been unable to present evidence of a history of dilatory action by either the U.S. Bank, N.A. or Bank of America, N.A. Accordingly, the Bankruptcy Court did not abuse its discretion by denying Appellant's motions for default judgment in Adversary Proceeding Nos. 10-00304 and 10-00305.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's orders dismissing the complaints in Adversary Proceeding Nos. 10-00303, 10-00304, and 10-00305 will be affirmed. A separate order follows.

Sept 9, 2011
Date

/s/ Deborah K. Chasanow
Deborah K. Chasanow for Roger W. Titus
United States District Judge